

1
2
3
4

**MICHAEL A. LEON**
444 W. Orange Grove Road, #1136
Tucson, Arizona 85704
(520) 256-8457
Email: Michael1Lion@yahoo.com
Plaintiff Pro Se

5
6
7

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

MICHAEL A. LEON;

    Plaintiff,

vs.

DANAHER CORPORATION, a corporation,
PACIFIC SCIENTIFIC AND
SECURAPLANE TECHNOLOGIES, INC.),
subsidiaries of DANAHER CORORATION,
RON SCHILLE, JAMES BJORK, STEVE
BISSELL, MIKE BOOST, MIKE
DINWIDDIE, GERARD DUROCHER,
HUMANN FARDAGAND, TONY GARCIA,
ROD IVERSON, VINCE JENKINS, KARI
STUCKY, TONY LUYK, TRAVIS
WEAVER, HEIDI LUCAS, LYNETTE
NOYCE, HELEN VELEZ, KRISTINA
WEBER, SHAWN K. BUCHER, MICHAEL
LAUER, CHIRAG DUA, RODNEY JAMES,
DAVID SILVERIO, SHUBHAYU
CHAKRABORTY,

    Defendants.

**CIV 12-74   TUC CRP**

Case No.

**COMPLAINT**

**EMOTIONAL DISTRESS, LIBEL
SLANDER (DEFAMATION) INVASION
OF PRIVACY FALSE LIGHT**

**JURY TRIAL DEMANDED**

23
24
25
26
27
28

    Plaintiff Michael A. Leon ("Plaintiff") brings this Complaint for defamation, emotional distress, invasion of privacy/false light against DANAHER CORPORATION, PACIFIC SCIENTIFIC AND SECURAPLANE TECHNOLOGIES, INC., RON SCHILLE, JAMES BJORK, STEVE BISSELL, MIKE BOOST, MIKE DINWIDDIE, GERARD DUROCHER, HUMANN FARDAGAND, TONY GARCIA, ROD IVERSON, VINCE JENKINS, KARI

STUCKY, TONY LUYK, TRAVIS WEAVER, HEIDI LUCAS, LYNETTE NOYCE, HELEN VELEZ, KRISTINA WEBER, SHAWN K. BUCHER, MICHAEL LAUER, CHIRAG DUA, RODNEY JAMES, DAVID SILVERIO, SHUBHAYU CHAKRABORTY ("Defendants") and states the following:

## JURISDICTION AND VENUE

1. This Court enjoys subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

2. This Court enjoys personal jurisdiction over the Defendants because the false and defamatory statements made by Defendants were published in the County of Pima, State of Arizona, and the Plaintiff-target of the defamatory statements was and remains a resident of the County of Pima, State of Arizona.

3. This Court enjoys venue under 28 U.S.C. § 1391(a)(2) because all or a substantial portion of the events that gave rise to Plaintiff's claims transpired in the State of Arizona, including the publication or republication of the defamatory falsehoods and the damage to Plaintiff's reputation.

## THE PARTIES

4. Plaintiff, Michael A. Leon is a disabled pro se litigant receiving social security benefits. Mr. Leon is a former employee of Securaplane Technologies. Mr. Leon resident of Pima County, State of Arizona.

5. Defendant, DANAHER CORPORATION was a parent company of Securaplane Technologies, Inc.

6. Defendant, PACIFIC SCIENTIFIC is a parent company of Securaplane Technologies, Inc.

7. Defendant SECURAPLANE TECHNOLOGIES, INC. is a company located in the city of Tucson, the state of Arizona.

8. Defendant RON SCHILLE was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

9. Defendant JAMES BJORK was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

10. Defendant STEVE BISSELL was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

11. Defendant MIKE BOOST was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

12. Defendant MIKE DINWIDDIE was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

13. Defendant GERARD DUROCHER was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

14. Defendant HUMANN FARDAGAND was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

15. Defendant TONY GARCIA was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

16. Defendant ROD IVERSON was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

17. Defendant VINCE JENKINS was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

18. Defendant KARI STUCKY was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

19. Defendant TONY LUYK was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

20. Defendant TRAVIS WEAVER was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

21. Defendant HEIDI LUCAS was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

22. Defendant LYNETTE NOYCE was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

23. Defendant HELEN VELEZ was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

24. Defendant KRISTINA WEBER was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

25. Defendant SHAWN K. BUCHER was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

26. Defendant MICHAEL LAUER was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

27. Defendant CHIRAG DUA was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

28. Defendant RODNEY JAMES was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

29. Defendant DAVID SILVERIO was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

30. Defendant SHUBHAYU CHAKRABORTY was/is an employee for Securaplane Technologies located in the city of Tucson, the state of Arizona.

## STATEMENT OF FACTS

31. In April 2011, at the close of discovery in Pima County Superior Court Case No. C20091791 Defendants produced a defamatory "lookout" poster and affiliated emails as response to plaintiff's request for production of documents as well as a computer usage policy.

32. Securaplane employee James Bjork viewed Michael Leon MySpace website and initiated email circulation to named recipients, subpoenaed witnesses, on initial day of FAA whistleblower trial March 24, 2009 inciting other employees to view Michael Leon MySpace website content. Securaplane employee Ron Schille then responded to March 24, 2009 email author James Bjork initial email copying and pasting photo from MySpace website, taking out of context, altering image and caption, and circulated email on March 24, 2009 to named email recipients, subpoenaed witnesses, on first day of FAA Whistleblower trial. This is merely the tip of the iceberg concerning defamatory publications concerning Plaintiff. Plaintiff intends to

1  investigate through discovery the chain of email regarding defamatory email.  Attached hereto as

2  Exhibit A are multiple unnumbered email documents which were produced with the April 29,

3  2011, the close of discovery, response to request for production.

4  33.  Securaplane, Pacific Scientific and Danaher Corporations possess email systems as well as

5  company websites.  These email systems affiliated with the company and the website are able to

6  *send and receive internal and external emails from third parties.  The internet emails pass*

7  through intermediate routers on the way to their destinations.  Protocols are affiliated with

8  sending/receiving emails, email storage.

9  34.  Securaplane attached a copy of the computer usage policy produced with response to

10  production dated April 22, 2011 attached as Exhibit B hereto.

11  35.  On or about March 24, 2009, defendant Securaplane employees and subpoenaed witnesses

12  published the attached defamatory email concerning Plaintiff's Native American heritage

13  (feather in hair) inferring Plaintiff a danger.  "Thought you all would like to see this if you

14  haven't already" and "this is the scariest part." The Attachment listed on said email states

15  "LOOK OUT 2.BMP and LOOKOUT.BMP."

16  36. The email referred to plaintiff by name throughout, was made of

17  and concerning plaintiff, and was so understood by those who

18  read the email.

19  37. The entire statement "scary, lookout" is false as it pertains to plaintiff.

20  38. The email is libelous on its face. It clearly exposes plaintiff to hatred, contempt, ridicule and

21  obloquy because it portrays plaintiff in a false light.  Plaintiff was an 82nd Airborne paratrooper.

22  Plaintiff is proud of his accomplishments in the military and listed on his personal MySpace

23  website.  Plaintiff is also proud of his Hispanic, Native American heritage and wore feather in his

24  hair in photo.

25  39. The email was seen and read on or about March 24, 2009 by RON SCHILLE, JAMES

26  BJORK, STEVE BISSELL, MIKE BOOST, MIKE DINWIDDIE, GERARD DUROCHER,

27  HUMANN FARDAGAND, TONY GARCIA, ROD IVERSON, VINCE JENKINS, KARI

28  STUCKY, TONY LUYK and TRAVIS WEAVER.  Defamation requires "publication." When

you send a defamatory statement about another person to others than the one you are defaming, that constitutes publication. Any every time an email is sent, it is considered a new publication. Everyone who has a role in the publication of that email may be liable. A lawsuit can be filed wherever the email was sent, received, or published. Internet emails pass through intermediate routers on the way to their destinations and are capable of being read by technicians at those intermediate sites. This constitutes publication to third parties as well. Internet email possesses a great deal of insecurity. Many of the protocols involved with the sending and receiving of e-mail are not considered secure protocols, in the sense that they are vulnerable to eavesdropping. Moreover, vulnerabilities of the protocols which are used to transport e-mail across the Internet, one must consider the potential vulnerabilities related to the storage of their e-mail messages. Most mail servers store messages on the hard drive in the same format in which they were received, and since the majority of e-mail is sent in plain-text anyone with the right privileges on the mail server can read the stored e-mail messages. Discovery and investigation in this matter will unveil these findings.

40. As a proximate result of the above-described publication, plaintiff has suffered loss of his reputation, shame, mortification, and injury to his feelings inflicting emotional distress, in an amount to be established by proof at trial.

41. The above-described publication was not privileged because it was published by defendants with evil intent, *mens rea*, state of mind and facts supporting the allegation, for example: malice, hatred and ill will toward plaintiff and the desire to injure him and prejudice him at trial , in that defendants had expressed a desire to "get" plaintiff. Because of defendants' malice in publishing, plaintiff seeks punitive damages in a total amount to be established by proof at trial].

WHEREFORE, plaintiff demands judgment against defendants, and each of them, for:

1. Compensatory damages according to proof;

2. Punitive damages;

3. Interest as allowed by law;

4. Costs of suit; and

5. Such other and further relief as this court may deem just and proper.

      **DATED** this $\mathcal{3}$ day of January, 2012.

 

                      **MICHAEL A. LEON**
         **444 W. Orange Grove Road, #1136**
                **Tucson, Arizona  85704**
                    **(520) 256-8457**
 **Email:  Michael1Lion@yahoo.com**
                      **Plaintiff Pro Se**

- 7 -

EXHIBIT A

1  Tibor Nagy, Jr., SBN 007465
   F. David Harlow, SBN 027547
2  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C., SBN 00504800
3  6760 N. Oracle Road, Suite 200
   Tucson, AZ 85704
4  Telephone: 520.544.0300
   Fax: 520.544.9675
5

6  tibor.nagy@ogletreedeakins.com
   david.harlow@ogletreedeakins.com
7

8  Attorneys for Defendants

9

10                SUPERIOR COURT OF ARIZONA

11                       PIMA COUNTY

12
    MICHAEL A. LEON,                    No.  C20091791
13
            Plaintiff,
14
         v.                             DEFENDANTS' RESPONSE TO
15                                      PLAINTIFF'S REQUEST FOR
    SECURAPLANE TECHNOLOGIES,           PRODUCTION OF DOCUMENTS
16  INC., JANICE WILLIAMS, LORRIE       MAILED TO DEFENDANTS ON
    GUZEMAN, BLANE BOYNTON, DR.         APRIL 9, 2011
17  MICHAEL BOOST,
                                        (Hon. Kenneth E. Lee)
18          Defendant.

19

20       Defendants Securaplane Technologies, Inc., Janice Williams, Lorrie Guzeman,

21  Blane Boynton and Dr. Michael Boost (hereinafter "Defendants"), by and through

22  undersigned counsel, and pursuant to Rule 34, Arizona Rules of Civil Procedure, submit

23  this Response to Plaintiff's Request for Production of Documents, which was mailed to

24  Defendants on April 9, 2011.

25       ///

26

27       ///

28

## GENERAL OBJECTIONS

1.     Defendants object to Plaintiff's Requests because they are in violation of the Court Order of October 18, 2010, which expressly limits Plaintiff to issuing only 20 Requests for Production of Documents in total.

2.     Defendants object to Plaintiff's Requests because they were mailed on April 9, 2011, which does not give Defendants the minimum 40 days required under Rule 34(b), Ariz. R. Civ. P., to respond before the stipulated close of discovery on April 29, 2011.

3.     To the extent that any and all of the requests call for documents prepared in anticipation of litigation or for trial, or that otherwise are covered by the attorney work-product doctrine or protected from disclosure by the attorney-client privilege and/or any other privilege, including the privilege of privacy, Defendants object to each and every such request and will not supply or render documents protected from discovery by virtue of such doctrines or privileges.  Defendants therefore object to Plaintiff's Instructions, Definitions, and each of the Requests, to the extent they purport to require Defendant to provide information or documents that in whole or in part are: (a) trial preparation materials or attorney work product not discoverable under Arizona Rule of Civil Procedure 26; (b) protected by the attorney-client privilege, self-critical analysis privilege, or other privilege(s); or (c) materials that Defendant, by law or agreement, is required to maintain in confidence or privacy.

4.     Defendants object to Plaintiff's Instructions, Definitions, and to each of the Requests, to the extent they seek to impose duties on Defendant beyond those imposed by Arizona Rules of Civil Procedure 26 and 34. `Defendant will comply with its obligations as set forth by these Rules.

5.     Defendants object to Plaintiff's Instructions, Definitions, and to each of the Requests, to the extent they purport to require Defendant to create a document or documents that do not already exist.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
6700 N. ORACLE ROAD, SUITE 200
TUCSON, AZ 85704
TELEPHONE: 520.544.0000

Defendants reserve the right to supplement and amend its responses and objections to this request pursuant to the Arizona Rules of Civil Procedure, as additional information and/or responsive documents become available. Subject to the foregoing, Defendants responds as follows:

## REQUEST FOR PRODUCTION

### REQUEST NO. 1

Any and all documentation, electronic storage information concerning computer access, cookies, history of employees at Securaplane [sic] premises accessing external websites, including but not limited to Arizona Corrections [sic] websites and Plaintiff's Myspace Social Network.

**RESPONSE:**

Defendants object to this request:

(1) because it is in violation of the Court Order of October 18, 2010, which expressly limits Plaintiff to issuing only 20 Requests for Production of Documents in total;

(2) because it was mailed to Defendants on April 9, 2011, which does not give Defendants 40 days to respond before the stipulated close of discovery on April 29, 2011 in violation of Rule 34(b), Ariz. R. Civ. P;

(3) because it is vague and ambiguous, overly broad and seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence;

(4) to the extent it seeks information that is protected by the attorney-client and/or work product privileges.

### REQUEST NO. 2

Any and all evidence reflecting Rule 30b6 exhaustive preparation procedures including but not limited to emails, letters [sic].

**RESPONSE:**

Defendants object to this request:

3

1      (1) because it is in violation of the Court Order of October 18, 2010, which

2    expressly limits Plaintiff to issuing only <u>20</u> Requests for Production of Documents in

3    total;

4      (2) because it was mailed to Defendants on April 9, 2011, which does not give

5    Defendants 40 days to respond before the stipulated close of discovery on April 29, 2011

6    in violation of Rule 34(b), Ariz. R. Civ. P;

7      (3) because it is vague and ambiguous;

8      (4) because it seeks information that is protected by the attorney-client and/or

9    work product privileges.

10

11      DATED this 29th day of April, 2011.

12

13               OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

14

15

16    By:       Tibor Nagy, Jr., SBN 007465

17               F. David Harlow, SBN 027547

18               6760 N. Oracle Road, Suite 200
Tucson, AZ  85704

19               Attorneys for Defendants

20

21    On this 29th day of April, 2011,
a copy of the foregoing was e-mailed

22    to Michael1Lion@yahoo.com
and the original and one copy of the foregoing

23    was mailed, Via First Class Regular Mail, to:

24    Michael A. Leon
444 W. Orange Grove Road, #1136

25    Tucson, AZ  85704
Plaintiff Pro Se

26

27

28

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
6760 N. ORACLE ROAD, SUITE 200
TUCSON, AZ 85704
TELEPHONE: 520.544.0300

| From: | Ron Schille |
|---|---|
| To: | James Bjork |
| CC: | Steve Bissell; Mike Boost; Mike Dinwiddie; Gerard Durocher; Humann Fargadmand; Tony Garcia; Rod Iverson; Vince Jenkins; Ron Schille; Karl Stucky; Tony Luyk; Travis Weaver |
| Sent: | 3/24/2009 5:43:54 PM |
| Subject: | RE: Mike Leon-MySpace Page |
| Attachments: | LOOK OUT 2.bmp; LOOK OUT.bmp |

This is the scariest part...





-----Original Message-----
**From:** James Bjork
**Sent:** Tuesday, March 24, 2009 9:52 AM
**To:** Steve Bissell; Mike Boost; Mike Dinwiddie; Gerard Durocher; Humann Fargadmand; Tony Garcia; Rod Iverson; Vince Jenkins; Ron Schille; Karl Stucky; Tony Luyk
**Subject:** Mike Leon-MySpace Page

Thought you all would like to see this (if you haven't already)----

http://profile.myspace.com/index.cfm?fuseaction=user.viewProfile&friendID=244015497

Regards,

| | |
|---|---|
| **From:** | Helen Velez |
| **To:** | Shawn K. Bucher; Rodney James; David Silverio; Chirag Dua; Mike Boost; Michael Lauer |
| **CC:** | Shubhayu Chakraborty |
| **Sent:** | 4/1/2009 4:55:26 PM |
| **Subject:** | Guards |

Team - please be advised that our guards have returned.  They will be in place until April 10 and will be patrolling around our buildings.

This is for additional peace of mind while we finalize matters relating to the Leon trial.  Although we have reached resolution - this will not be finalized until April 10, when he will sign an legal agreement to confirm.

Please communicate with your teams and give reassurance about the presence of our guards.

Many thanks,

Helen Velez
Human Resources Director
Securaplane Technologies Inc
Tel 520 425-8003

| From: | Helen Velez |
|---|---|
| To: | Shawn K. Bucher; Michael Lauer; David Silverio; Chirag Dua; Rodney James; Mike Boost |
| CC: | Shubhayu Chakraborty |
| Sent: | 3/24/2009 2:48:17 PM |
| Subject: | Security Guards |
| Attachments: | Leon Michael photo.jpg |

Team - please be advised that we have hired security guards for the duration of the Leon trial and next week.

The guards are simply a precaution as we had a safety concern in the past. We would like to offer reassurance to our associates.

The trial commences today (3/24) and potentially concludes 3/26. During this time and coming weeks - please remind your teams to be security minded. They must wear ID badges and mustn't leave external doors/ roller shutter doors open (except for delivery/ shipping needs). If badges have been lost, please see Rick Farnsworth for replacement.

If they see Michael Leon near Securaplane, they must report it immediately and shouldn't let him into the building. I have attached a photo of Leon to help with identification. Kristina Weber (Reception) will co-ordinate contact details with the guards.

Our guards are off-duty Police Officers. It is possible that we'll get different guards each day. David Chenoweth or myself will meet the guards at 8am each day to show them the patrol areas. The patrol times are 8am-5pm. However, I am considering changing times in order to accommodate earlier Operations shift in Main Building and for those working beyond 5pm.

Regards,

Helen Velez
Human Resources Director
Securaplane Technologies Inc
Tel 520 425-8003

| | |
|---|---|
| **From:** | Helen Velez |
| **To:** | Shawn K. Bucher; Michael Lauer; Chirag Dua; Rodney James; David Silverio |
| **CC:** | Mike Boost; Shubhayu Chakraborty |
| **Sent:** | 3/24/2009 9:16:35 PM |
| **Subject:** | Leon trial |

Team - please be advised that we came to an agreement with Mr Leon this morning.

Going forward, the need for security guards has reduced and they will be leaving at COB today.

Thank you for keeping your teams updated on security. I will be contacting those named as witnesses and letting them know they are no longer needed.

With kind regards,

Helen Velez
Human Resources Director
Securaplane Technologies Inc
Tel 520 425-8003

James

——Original Message——
**From:** Kristina Weber
**Sent:** Tuesday, March 24, 2009 8:23 AM
**To:** Steve Bissell; James Bjork; Mike Boost; Mike Dinwiddie; Gerard Durocher; Humann Fargadmand; Tony Garcia; Rod Iverson; Vince Jenkins; Ron Schille; Karl Stucky; Tony Luyk
**Subject:** FW: Parking garage details

Good morning all, Helen requested I send you the attached map of a parking garage close to the courthouse.

Tony Luyk- Please pass on to Lynette Noyce and Heidi Lucas.

--Kristina
——Original Message——
**From:** Helen Velez
**Sent:** Monday, March 23, 2009 10:11 PM
**To:** Kristina Weber
**Subject:** Parking garage details

Hello Kristina

Please send out details of a parking garage - which is 5 minutes walk from the Leon trial.  A list of potential witnesses is attached.

I have previously sent out directions to the courthouse (38 S Scott Ave, Tucson).

Thanks
Helen

EXHIBIT B

1  Tibor Nagy, Jr., SBN 007465
2  F. David Harlow, SBN 027547
   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., NO. 00504800
3  6760 North Oracle Road, Suite 200
   Tucson, Arizona 85704
4  Telephone: (520) 544-0300
5  tibor.nagy@ogletreedeakins.com
   david.harlow@ogletreedeakins.com
6
7  Attorneys for Defendants

8          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9              IN AND FOR THE COUNTY OF PIMA

10
11 |                                          | No. C20091791
12 | MICHAEL A. LEON,                         |
13 |          Plaintiff,                      |
14 |     v.                                   | **DEFENDANTS' FIRST**
   |                                          | **SUPPLEMENTAL RULE 26.1**
15 | SECURAPLANE TECHNOLOGIES, INC.,          | **DISCLOSURE STATEMENT**
   | JANICE WILLIAMS, LORRIE GUZMAN,          |
16 | BLANE BOYNTON, DR. MICHAEL BOOST,        |
17 |          Defendant.                      | (Hon. Kenneth E. Lee)
18

19         Defendants Securaplane Technologies, Inc., ("Securaplane"), Janice Williams,

20 Lorie Guzman, Blane Boynton and Michael Boost (collectively "Defendants"), by and

21 through their attorneys undersigned and pursuant to Rule 26.1(a), Arizona Rules of Civil

22 Procedure, hereby submit their First Supplemental Disclosure Statement, as follows. This

23 Disclosure Statement and its contents represent the product of Defendants' investigation

24 to date. This matter is only in the initial phase of discovery and further investigation and

25 discovery may bring to light additional information that may have a bearing on

26 Defendants theories of defenses.

27
28

**I.**   **RULE 26.1(a)(8) – THE EXISTENCE, LOCATION, CUSTODIAN, AND GENERAL DESCRIPTION OF ANY TANGIBLE EVIDENCE OR RELEVANT DOCUMENTS THAT THE DISCLOSING PARTY PLANS TO USE AT TRIAL AND RELEVANT INSURANCE AGREEMENTS:**

By listing potential trial exhibits below, Defendants do not necessarily agree that all listed exhibits will, in fact, be offered into evidence at trial. Decisions as to the exhibits Defendants will offer at trial are dependent in great part upon pre-trial discovery, pre-trial rulings of the Court, and the evidence offered at trial by Plaintiff. The admissibility of certain exhibits may also be dictated in part by pre-trial and trial proceedings and rulings by the Court.

At present, Defendants believe that they may offer at trial any, all or none of the following documents:

a.     Securaplane Technology  Computer Usage Policy attached hereto as Bates No. Secura-Leon000448.

DATED this day of 22nd day of April, 2011.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _____
Tibor Nagy, Jr.
F. David Harlow
6760 North Oracle Road, Suite 200
Tucson, Arizona 85704
*Attorneys for Defendants*

Original and a copy of the foregoing
was e-mailed to Michael1Lion@yahoo.com
and mailed via First Class Regular Mail
on this 22nd day of April, 2011 to:

Michael A. Leon
444 W. Orange Grove Road, #1136
Tucson, AZ  85704
Plaintiff Pro Se

# Technology

## Computer and Telephone Information Technology

The Securaplane Local Area Network (LAN), the computing environment and the telephone system, are valuable company assets. It is inappropriate to use these assets for personal gain. Transmission of chain letters, games, non-business language or graphics, (regardless of intent) is strictly prohibited. Similarly, the e-mail and telephone and voice mail systems are to be used only for company business. Foul, inappropriate or offensive messages are prohibited. Our information technology also may not be used to solicit for outside business ventures or other matters not connected to Securaplane's business.

## Computer Software Copyright

We respect all computer software copyrights and adhere to the terms of our software licenses. Therefore, you may not duplicate software or give Securaplane software to anyone (including contractors, customers, and other third parties) without prior approval of the Information Technology department. You may use software on local area networks or on multiple machines only as allowed by our license agreements.

We all have the responsibility to ensure assets are used in an appropriate and productive manner. Violation of any of our Information Technology policies may result in disciplinary action, including discharge. If you have any questions about the appropriate use of our Information Technology resources, please direct your questions to Human Resources.

## Computer System Security

To properly manage our information technology, we may examine stored and/or transmitted information from time to time. Therefore, you should not expect the information you store or send through these systems to be private.

In order to protect the security of our systems, do not disclose your password to others and do not use an unauthorized password or other means to gain access to the computing resources, e-mail or voice mail of others. We also periodically monitor use of these communication systems.

Secura-Leon000448

---

The unauthorized modification of the LAN startup/sign-on process is also inappropriate as security and virus protection could be breached.

## Internet and E-mail Usage

Computers, computer files, the e-mail system, and software furnished to employees are Securaplane property and intended for business use only. Securaplane prohibits the use of electronics transmission via the Internet and the e-mail system in ways that are disruptive, offensive to others, harmful to morale or for personal use.

For example, the display or transmission of sexually explicit images, messages, and cartoons is not allowed. Other such misuse includes, but is not limited to, ethnic slurs, racial comments, off-color jokes, chain letters, or anything that may be construed as harassment or showing disrespect for others, or is a waste of company time and resources.

Employees should notify their supervisor, Human Resources or any member of management upon learning of violation of this policy. Employees who violate this policy will be subject to disciplinary action, up to and including termination of employment. Please refer to your copy of the Securaplane Internet policy for more information.

## Company Telephone Usage

Company telephones and fax machines are for business use and must be available for necessary or emergency communications only. Accordingly, telephones are not available for personal use except with supervisor approval for urgent personal messages. Please do not encourage personal calls to your work area. A phone is available for personal local calls and can be used during your own time, i.e., before your shift begins, break and meal time, or after your shift ends. Use of personal cell phones should be restricted to personal time. Please see your Supervisor or Human Resources for the nearest phone location..